# UNSWORN DECLARATION
# IN SUPPORT OF FORFEITURE COMPLAINT

## INTRODUCTION

Pursuant to 28 U.S.C. § 1746, I, Russell E. Booker, Special Agent, of the United States Department of Justice, Drug Enforcement Administration (DEA), declare under penalty of perjury that the foregoing is true and correct:

I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510 (7). I am, therefore, an officer who is empowered to conduct criminal investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516.

I have been a Special Agent with the DEA for over 3 years. As a Special Agent, I have been sworn to enforce the laws of 21 U.S.C., and related offenses under 18 U.S.C. I have received fourteen weeks of training at the DEA Academy at Quantico, VA. I am currently assigned to the Caribbean Corridor Strike Force (CCSF)

During my law enforcement career, I have received detailed instruction in and conducted various complex conspiratorial investigations concerning the unlawful importation and distribution of controlled substances; the laundering and concealment of drug proceeds; and the illegal use of communication facilities by drug traffickers in furtherance of their criminal activities.

1

This Unsworn Declaration is submitted in support of a Complaint Forfeiture *In Rem*, which involves the offenses detailed in 21 U.S.C. § 881, and 18 U.S.C. §§ 924 and 981:

<u>21 U.S.C. § 881 (a)(4)</u>: all conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances; and

<u>21 U.S.C. § 881 (a)(11)</u>: any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of controlled substances and any proceeds traceable to such property.

<u>18 U.S.C. § 924(d)</u>: any firearm or ammunition involved in or used in furtherance of a drug trafficking crime.

<u>18 U.S.C. § 981(a)(1)(A)</u>: any property, real or personal, involved in a transaction or attempted transaction in violation of sections 1956, 1957 or 1960 of this title or any property traceable to such property; and

<u>18 U.S.C. § 981(a)(1)(C)</u>: any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity".

**PROPERTIES TO BE FORFEITED**

a). 2020 Jeep Grand Cherokee, VIN: 1C4RJECG4LC118369;

b). Glock 19X Pistol, Serial Number CAHU537; and

c). Glock 23 Pistol, Serial Number: BUCY637

**BASIS FOR FACTS**

I make this unsworn declaration, on information and belief derived from the following source: Oral and/or written reports and documents about this and other federal agents and Task Force Officers.

1. Agents of the United States Drug Enforcement Administration (DEA) Caribbean Division (hereinafter "Agents") are investigating the drug trafficking activities of Carlos EUSEBIO-Llonson, Joan M. LUIS-PEÑA, Carlos HERNANDEZ-CESAR, Pedro E. UREÑA- DE LA ROSA, and Victor UREÑA-DE LA ROSA and associates regarding their drug trafficking activities. The ongoing investigation concerns possible violations of 21 U.S.C. §§ 841(a)(1) (possession with intent to distribute and distribution of cocaine), 846 (conspiracy to distribute controlled substances) and 18 U.S.C. § 924(c) possession of a firearm in furtherance of drug trafficking.

2. In the late hours of December 11, 2023, a DEA Confidential Source ("CS") received information regarding a Drug Trafficking Organization ("DTO") that directs drug shipments from St. Thomas, US Virgin Islands to Puerto Rico. CS received a message from a co-conspirator Carlos EUSEBIO-LLONSON who lives in St. Thomas, US Virgin Islands ("USVI") via WhatsApp—offering CS approximately 100 kilograms of cocaine with a value of $1,100,000 at $11,000 US

Currency (USC) per kilogram of cocaine. On the same night EUSEBIO-LLONSON passed the CS the number of LUIS-PENA who resides in Puerto Rico (PR) in order to conduct the transaction in PR. On the same night the CS contacted LUIS-PENA in order to meet in person the following morning and agreed to meet in La Ceiba Bakery, located at 1239 Avenida F.D. Roosevelt, San Juan, PR.

3. On December 12, 2023, CS continued communication with EUSEBIO-LLONSON and LUIS-PENA in order to conduct a transaction of 100 kilograms of cocaine. On that same date, at approximately 8:00 a.m., CCSF agents while on surveillance, observed a Black Honda CR-V bearing license plate (JSE 141) arrive at La Ceiba. CCSF agents observed a black male wearing a black shirt and shorts, with sneakers go into La Ceiba. The same individual later identified as LUIS-PENA walked in and sat down with the CS at La Ceiba Bakery. On the same day, the CS, EUSEBIO-LLONSON (via Whatsapp Communication), and LUIS-PENA arranged to conduct the transaction in two equal parts at approximately 50 kilograms of cocaine at a time. At approximately 10:30 a.m., the CS, EUSEBIO-LLONSON (via Whatsapp Communication), and LUIS-PENA agreed that EUSEBIO-LLONSON would fly over to PR from St. Thomas in order to better facilitate the transaction due to LUIS-PENA not being able to get the two 50 quantity transactions done. On the same day, EUSEBIO-LLONSON

purchased a ticket on Cape Airlines from St. Thomas to San Juan, PR for Flight 8021 Departing at 08:10 a.m., on Wednesday December 13, 2023. EUSEBIO-LLONSON was identified as Carlos Julio EUSEBIO-Llonson.

4. On December 13, 2023, at approximately 9:07 a.m., while on surveillance CCSF agents observed the CS and EUSEBIO-LLONSON arrive at La Ceiba. On the same day, at approximately 9:15 a.m., CCSF agents while on surveillance observed the same black Honda CR-V bearing license plate (JSE 141), seen the day prior, arrive at La Ceiba Bakery. LUIS-PENA identified as the same individual from the day prior wearing a black shirt, blue shorts, and sneakers. On the same day, CS, EUSEBIO-LLONSON, and LUIS-PENA negotiated in person to start the 100-kilogram purchase with an initial 15-kilogram transaction to satisfy the owners of the kilograms with good faith on the money. EUSEBIO-LLONSON and LUIS-PENA left la Ceiba Bakery at approximately 9:40 a.m. and maintained communication with the CS via phone. EUSEBIO-LLONSON and LUIS-PENA were not able to obtain the 15 kilograms of suspected cocaine from the original suppliers. EUSEBIO-LLONSON and LUIS-PENA contacted different suppliers of cocaine in order to facilitate the total quantity of 100 kilograms of cocaine. EUSEBIO-LLONSON and LUIS-PENA told the

CS they would conduct the transaction on the morning of December 14, 2023.

5. On the morning of December 14, 2023, at approximately 8:20 AM, the CS received a facetime call from EUSEBIO-LLONSON and LUIS-PENA showing white shiny brick shaped object of suspected cocaine and told the CS that EUSEBIO-LLONSON and LUIS-PENA were ready to conduct the transaction. On the same day, at approximately 11:30 a.m., the CS was provided a meeting location to conduct the transaction. The location was the parking lot on the corner of Calle Sanchez and Avenida Manuel Fernandez Juncos to the east of Cafeteria Sin Nombre located at Av. Manuel Fernandez Juncos, San Juan, PR.

6. On the same day at approximately 12:15 p.m., agents and the CS while on the phone communicating with EUSEBIO-LLONSON, observed EUSEBIO-LLONSON and Carlos HERNANDEZ-CESAR walk down a stairwell at the back of a residence located at located at Av. Manuel Fernandez Juncos, San Juan, Puerto Rico 00910 (hereinafter referred to as "TARGET LOCATION"). EUSEBIO-LLONSON and HERNANDEZ-CESAR were each holding a white box containing suspected cocaine and placed them in the trunk of the undercover ("UC") vehicle. Subsequently, the CS gave the arrest signal and agents moved to conduct the arrests.

7. While the agents attempted to arrest EUSEBIO-LLONSON and HERNANDEZ-CESAR they fled in opposite directions and were subsequently apprehended by CCSF agents.

8. During the arrest, HERNANDEZ-CESAR had tucked in his waistband a Glock 23 Pistol (Serial Number: BUCY637), which was subsequently seized by CCSF agents.

9. DEA CCSF agents recovered from the trunk of the UC vehicle two boxes containing 20 brick-shaped packages-consistent with kilograms of cocaine. CCSF agents field-tested a sample of the contents of a brick-shaped packaged, which revealed the presence of cocaine. The brick-shaped packages weighed approximately 22.45 kilograms.

10. Further investigation revealed that the TARGET LOCATION was where the cocaine was originally stored, and agents subsequently applied for a federal search warrant for the residence out of the United States Federal District Court of Puerto Rico.

11. On December 14, 2023, agents executed a federal search warrant, Case No. 23-1339 (MJ), authorized by the Honorable Bruce J. McGiverin, at the TARGET LOCATION. Inside the TARGET LOCATION, where Pedro Enrique URENA-DE LA ROSA, Victor URENA-DE LA ROSA, and LUIS-PENA were present, a total of approximately $154,000 USC and additional brick-shaped packages of cocaine with a total approximate weight of 13.05 kilograms were found. Five of those

bricks of cocaine were found in one of the rooms. Also in the same room, within a fanny pack, agents found a beige Glock (Serial #: CAHU537) registered to Victor URENA-DE LA ROSA, along with his Puerto Rico driver's license.

12. Surveillance conducted in the vicinity of the residence led to the discovery of a 2020 Jeep Grand Cherokee (hereafter referred to as "VEH"), registered to Victor URENA-DE LA ROSA. Officers from the Puerto Rico Police Bureau's Canine Unit conducted a sniff test around the VEH to detect the presence of narcotics. The canine signaled a positive alert for the VEH, which was then seized.

13. On December 14, 2023, all five individuals were arrested, including, Pedro Enrique URENA-DE LA ROSA, Victor URENA-DE LA ROSA and HERNANDEZ-CESAR. On this same date, Victor URENA-DE LA ROSA was interviewed by the agents. Victor URENA-DE LA ROSA informed that the 2020, black colored, Jeep Grand Cherokee Overland, bearing Puerto Rico license plate JIV-223 belonged to his brother, Pedro Enrique URENA-DE LA ROSA, who was also arrested on December 14, 2024. Furthermore, at the time of at the time of the arrest, Pedro Enrique URENA-DE LA ROSA was on pretrial release for a previously charged felony offense in *United States v. Urena-De la Rosa*, Case No. 19-550 (PAD).

14. On December 15, 2023, Pedro Enrique URENA-DE LA ROSA, Victor URENA-DE LA ROSA and HERNANDEZ-CESAR were charged in a criminal complaint in Case No. 23-1343 (MJ) with violations to federal law, including, violations of 21 U.S.C. §§ 841 and 846 (Conspiracy to Possess with Intent to Distribute and Distribution of cocaine) and 18 U.S.C. § 924(c) (Possession of a Firearm in Furtherance of a Drug Trafficking Crime).

15. On December 27, 2023, Victor URENA DE LA-ROSA and HERNANDEZ-CESAR were indicted in Case No. 23-469 (CVR) and charged with violations to 21 U.S.C. §§ 841 and 846 (Conspiracy to Possess with Intent to Distribute and Distribution of cocaine) and 18 U.S.C. § 924(c) (Possession of a Firearm in Furtherance of a Drug Trafficking Crime). Pedro Enrique URENA-DE LA ROSA was also indicted and charged with violations to 21 U.S.C. §§ 841 and 846 (Conspiracy to Possess with Intent to Distribute and Distribution of cocaine) and 21 U.S.C. § 856(a)(1) (Maintaining Drug Involved Premises). *See* Crim. No. 23-469 (CVR), Indictment ECF No. 38. Furthermore, at the time of the commission of the offense, Pedro Enrique URENA-DE LA ROSA was on release pursuant to an order dated September 4, 2023, from the United States District Court for the District of Puerto Rico, in *United States v. Urena-De la Rosa*, Case No. 19-550 (PAD).

16. This Unsworn Declaration is submitted in support of a Complaint Forfeiture *In Rem*. Therefore, I have not set forth each and every fact learned during the course of this investigation.

## **CONCLUSION**

Based upon my training and experience, and the facts concerning this investigation, including but not limited to, the following:

    (a) Victor URENA-DE LA ROSA's contradicting statements regarding the ownership of the VEH.

    (b) A dog sniff was conducted to detect the presence of narcotics, and the canine alerted positive on VEH.

    (c) Approximately 22.45 kilograms of cocaine were placed in the trunk of the UC vehicle.

    (d) Approximately $154,000 found at the TARGET LOCATION.

    (e) Approximately 13 kilograms of cocaine were found at the TARGET LOCATION.

    (f) Victor URENA-DE LA ROSA's firearm was found in the same room and in near proximity to bricks of cocaine; and

    (g) HERNANDEZ-CESAR was carrying a box full of bricks of cocaine while in possession of a firearm.

I believe that probable cause exists to show that there is present material evidence of violations of Federal Law, and that the property to be forfeited is subject to forfeiture pursuant to 21 USC §§ 881(a)(4) and (a)(11); and 18 U.S.C. §§ 924(d), 981(a)(1)(A) and (C).

Sworn and signed under penalty of perjury, pursuant to 28 U.S.C. § 1746, in San Juan, Puerto Rico this 5 of June, 2024.

_____
Russell E. Booker, Special Agent
Drug Enforcement Administration (DEA)